CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 16 2009

JOHN F. CORCORAN, CLERK
BY: /s/ J. Taylor
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNIE L. COOK, | ) |
| Petitioner, | ) Case No. 7:09CV00460 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| VIRGINIA DEPARTMENT OF CORRECTIONS, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Respondent. | ) |

Petitioner Donnie L. Cook, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus without citing specific statutory authority under which he wishes to proceed.[1] Cook alleges that the respondent, the Virginia Department of Corrections, in its ongoing action against Cook under the Civil Commitment of Sexually Violent Predators Act ("the Act"), Va. Code Ann. §§ 37.2-900 - 920, has violated his federally protected rights to a speedy trial and to due process. Because it is clear that Cook has not exhausted state court remedies as to any of his current claims, the court finds that his petition must be dismissed without prejudice.

## Background

Cook's initial submission was entitled "Petition for a Writ of Habeas Corpus," and alleged that by order of the Circuit Court for the City of Roanoke, at the instigation of the "CRC" and the Attorney General, he was "involuntarily placed" in the Western Virginia Regional Jail on October 9, 2009. He sought to be immediately released or to have counsel appointed and be

---

[1] For administrative purposes, the court conditionally filed Cook's petition as one arising under 28 U.S.C. § 2254. It now appears that no state court judgment had yet been entered against Cook related to his current claims at the time of his submissions. As such, his petition is more properly classified as one arising under 28 U.S.C. § 2241, unless judgment has been entered in the meantime. In any event, because he has not exhausted state court remedies, his petition is properly dismissed without prejudice, regardless of whether it arises under § 2241 or § 2254.

brought before the federal court. The court filed the petition on the condition that Cook provide specific details about the status of the criminal proceedings that he sought to challenge.

Cook has now submitted additional pleadings, including a petition for a writ of habeas corpus form, pursuant to 28 U.S.C. § 2254. His current allegations indicate that he wishes to challenge certain aspects of proceedings undertaken against him by the Commitment Review Committee ("CRC") and the Office of the Attorney General, seeking to have him civilly committed as a sexually violent predator, pursuant to the Act.[2] §§ 37.2-900 - 920. He alleges that two prior trial dates have been continued and complains that the proceedings have violated his due process rights and constitute unlawful, additional punishment for a crime on which he has already served his sentence. He seeks his immediate release or a hearing before this court.

## Discussion

Federal courts may not grant habeas relief to a person confined pursuant to a state court criminal judgment or in relation to ongoing state court criminal proceedings until that person has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973) (recognizing requirement that state habeas petitioners exhaust state court remedies before proceeding in federal court under 28 U.S.C. § 2241). The exhaustion requirement also applies where the custody flows from civil, rather than criminal proceedings. See Leonard v. Hammond, 804 F.2d 838, 840 (4th Cir. 1986). Generally, the exhaustion requirement is not satisfied until petitioner has sought review of the claim in the highest state court with jurisdiction to consider it. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). "Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state prisoners should stay their hand." Durkin v. Davis, 538 F.2d 1037, 1041 (4th Cir. 1976) (internal quotation omitted); Slayton v. Smith, 404 U.S. 53 (1971) (requiring dismissal of § 2254

---

[2] Cook states that he was convicted in January 1989 of aggravated sexual battery and forcible sodomy in the Circuit Court for the City of Roanoke and sentenced to thirty (30) years in prison. His current claims, however, do not challenge any aspect of the 1989 criminal proceedings or sentence.

petition without prejudice where petitioner failed to exhaust state court remedies). The burden of proving exhaustion lies with the petitioner. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) (citing cases).

It is clear from the face of Cook's petition that he has not presented his current claims to any Virginia court other than, at most, the Circuit Court where the petition is pending. On the § 2254 form, in answer to questions as to whether he has filed any appeal or habeas petition concerning each claim, he checks "No." Indeed, he does not allege facts indicating that he has raised his claims in the Circuit Court. Moreover, Cook has available courses of action by which to raise his claims in the Virginia courts—in the commitment proceedings themselves and subsequent appeals and/or in habeas proceedings. See Jenkins v. Dir. of Va. Ctr. for Behaviorial Rehab., 624 S. E .2d 453, 457-59 (Va. 2006) (discussing avenues of habeas relief available to individuals held as sexually violent predators). As Cook does not demonstrate that he has exhausted state court remedies as to any of his habeas claims, the court finds it appropriate to dismiss his petition without prejudice. An appropriate order will issue this day.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and counsel of record for the respondent.

ENTER: This 14th day of December, 2009.

*[signature]*

United States District Judge